FILED: **11/2/10**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID J. MALAND, CLERK



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v.  § | **CASE NO. 1:99-CR-70** |
| § | |
| **AZZEDINE FAIDY** § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(I) and 3583(e). The United States alleges that Defendant, Azzedine Faidy, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of the defendant's supervised release.

The Court conducted a hearing on October 28, 2010, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by

counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On April 27, 2000, The Honorable Howell Cobb, United States District Judge for the Eastern District of Texas, sentenced the defendant after he pled guilty to the offense of unlawful reentry of a removed alien, a Class C felony. Judge Cobb sentenced Faidy to 125 months imprisonment to be followed by three years supervised release, subject to the

standard conditions of release, plus special conditions to include financial disclosure; and as a condition of supervision, "immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101, *et seq*. If ordered deported, the defendant shall remain outside of the United States. In the event the defendant is not deported, the defendant shall comply with all conditions of supervised release;" drug aftercare; a $10,000 fine; and a $100 special assessment. On August 27, 2008, Azzedine Faidy completed his period of imprisonment and began service of the supervision term..

Judge Cobb has since passed away. Accordingly, this criminal proceeding was reassigned to the docket of United States District Judge Thad Heartfield on November 8, 2005.

### B. Allegations in Petition

The United States alleges that Defendant violated the following special condition of supervised release:

*"As a condition of supervision, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101, et seq. If ordered deported, the defendant shall remain outside of the United States. In the event the defendant is not deported, the*

*defendant shall comply with all conditions of supervised release.*"

Specifically, after completing his term of imprisonment with the Bureau of Prisons, Mr. Faidy was deported on August 27, 2008. On or about August 9, 2010, Mr. Faidy was arrested in Houston, Texas, for re-entry after deportation. As noted by his arrest on August 9, 2010, it is alleged that Mr. Faidy returned to the United States illegally.

**C. Evidence presented at Hearing:**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government would present evidence establishing that Mr. Faidy was placed on supervised release after his release from prison on the original conviction of illegal reentry in this case. The Government would also establish that, as a condition of his supervision, Mr. Faidy was not to return to the United States if deported. The Government would finally introduce evidence showing that on August 27, 2008, Mr. Faidy was deported, but on August 9, 2010, he was arrested in Houston, Texas, by agents with the Bureau of Immigration and Customs and Enforcement (ICE) and charged with illegal re-entry after deportation and stowaway status.

Defendant, Azzedine Faidy, offered a plea of true to the allegations. Specifically, Faidy agreed with the evidence presented and pled true to the allegation that he re-entered the United States after deportation in violation of his supervision conditions.

In exchange for the plea of true, the Government agreed that it would not prosecute Mr. Faidy in the Southern District of Texas or the Eastern District of Texas on the new

charges of illegal re-entry or for being a stowaway arising out of his August 9, 2010, arrest.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a special condition of his supervised release by illegally returning to the United States after deportation in violation of his supervision conditions.

If the Court finds that Mr. Faidy violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade C violation, the Court may revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2). Based upon Faidy's criminal history category of VI and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from eight (8) to fourteen (14) months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the defendant has already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was

promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that Defendant committed a Grade C violation of his supervision conditions by returning to the United States illegally after deportation. Mr. Faidy knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant to serve a term of **fourteen (14) months imprisonment**. The Court also recommends that the defendant receive no further supervision term upon his release. The undersigned United States Magistrate Judge also recommends that the District Court accept the parties' agreement that the Government will not prosecute the defendant

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

on the new illegal reentry charge or stowaway charge arising out of his August 9, 2010, arrest, as discussed on the record at the revocation hearing and noted above.

## OBJECTIONS

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 2nd day of November, 2010.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE